FILED
U.S. District Court
District of Kansas
10/29/2026
Clerk, U.S. District Court
By: KGS Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MAURA VERONICA GOMEZ LOPEZ,

Petitioner,

v.

Warden, Midwest Regional Reception Center; MARKWAYNE MULLIN, Secretary, DHS; and DAVID VENTURELLA, Acting Director, ICE,

Respondents.

Case No. 26-3376-JWL

## MEMORANDUM AND ORDER

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which she challenges her detention by immigration officials. For the reasons set forth below, the petition is **denied**.

Petitioner, a native of Guatemala, entered the United States in 2019; removal proceedings were initiated, and petitioner was released on recognizance. On August 19, 2026, petitioner was taken into custody by immigration officials after a traffic stop by local officers the day before, and she remains in custody within this judicial district. Petitioner filed this case on October 1, 2026; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that she is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. §

2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

By her petition, petitioner claims that her detention without an individualized custody determination violates due process. In answer to the petition, respondents have provided evidence that on October 8, 2026, officials served on petitioner notice of a custody determination pursuant to 8 U.S.C. § 1226 (which allows for discretionary release on bond), on which form petitioner requested a bond hearing.[1] Petitioner concedes in her traverse that an immigration judge (IJ) conducted a bond hearing on October 14, 2026, and denied release on bond, based on a risk of flight. Accordingly, petitioner has not been detained without an individualized custody determination, and her original claims therefore fail.

In her traverse, petitioner argues that the fact that she received a bond hearing does not necessarily answer her constitutional challenge, and she asks the Court to examine whether the hearing was adequate and whether her continued detention in light of her particular circumstances violates due process. As petitioner concedes, however, this Court may not review the IJ's bond determination, and petitioner has not shown or even suggested

---

[1] Respondents have not explicitly stated whether petitioner is subject to a final removal order, but they have not asserted that she is subject to mandatory detention under 8 U.S.C. § 1231, which applies post-removal-order. Petitioner also does not directly address that question, although she has submitted a copy of a notice of withdrawal of counsel from an appeal by her to the Board of Immigration Appeals (BIA) that was filed in 2020. Based on the recent custody determination under Section 1226, which applies prior to entry of a final removal order, the Court will assume that no such order has been entered in petitioner's case.

how her bond hearing was inadequate. Moreover, as the Court has noted, the bond procedures under Section 1226(a) comply with due process. *See Colmenares Silva v. Blanche*, 2026 WL 3118281, at *2 (D. Kan. Oct. 19, 2026) (Lungstrum, J.) (citing cases). Petitioner has not shown that her detention is unlawful; the Court therefore denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 29th day of October, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge